The defendant was indicted and convicted for the possession of certain substances in violation of the Alabama Uniform Controlled Substances Act. Sentence was five years' imprisonment.
The single issue raised on appeal is the propriety of the trial judge's overruling the defendant's plea of autrefois convict without a hearing.
On the day of trial, the defendant filed a plea alleging that his conviction in the Circuit Court of Humphrey County, Tennessee, in October of 1978 for the burglary of the Nautilus Pharmacy in Waverly, Tennessee, should prevent him from being prosecuted for the possession of the controlled substances (which he alleges he obtained in the burglary) in Jefferson County, Alabama. The State filed a demurrer to the plea which the trial court sustained without a hearing.
Although no hearing was conducted the demurrer was properly sustained. Even if the defendant proved the allegations of his plea, the conviction of burglary in Tennessee would not prevent the defendant's trial or conviction for possession of controlled substances in Alabama. These crimes are not the same in law and fact and therefore will not support a plea of former jeopardy. Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973);Brown v. State, 367 So.2d 557 (Ala.Cr.App.), cert. denied, Exparte Brown, 367 So.2d 559 (Ala. 1978).
Moreover, even if the crimes were the same,
 "[a] conviction in one state for an act in violation of its laws is not a bar to a prosecution in another for the same act, if it violates the laws of the latter state, unless it is otherwise provided by statute, or unless by compact between the states it has been agreed that jurisdiction shall vest exclusively in the state first apprehending and arresting accused."
22 C.J.S., Criminal Law § 296 (c) (1961).
Where the issue presented by a plea of former jeopardy is only a matter of law, the judge need not submit that issue to a jury. Billups v. City of Birmingham, 367 So.2d 518, 522
(Ala.Cr.App. 1978), cert. quashed, 367 So.2d 524 (Ala. 1979).
We have searched the record for error and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.