THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. C-800558—Decided July 1, 1981.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, Mr. *William E. Breyer* and Mr. *Joseph G. Carr,* for appellee.

Mr. *D. Craig Dance* and Mr. *Richard L. Bell,* for appellant.

BLACK, J. Defendant appeals from the refusal of the trial court to dismiss the indictment against him on the grounds of double jeopardy. (The court's entry refusing dismissal was a final appealable order. *State* v. *Thomas* [1980], 61 Ohio St, 2d 254 [15 O.O.3d 262].) He claims that his acquittal in Kentucky of kidnapping the victim prior to transporting her across the river to Ohio where she was raped entitled him to dismissal of the Ohio charge under the Fifth Amendment guarantees

against being "subject for the same offense to be twice put in jeopardy of life or limb." (See, also, Section 10, Article I, Ohio Constitution.) He further claims that the Ohio action should be dismissed under that part of the double jeopardy doctrine that stems from collateral estoppel. We find no merit in his single assignment that the court erred in denying the motion to dismiss.

Mary Swart and Alma Ferguson accepted a ride from a stranger, a white male adult, to go from Yeatman's Cove in Cincinnati back to Kentucky. He drove them south on I-75 across the river to the Buttermilk Pike interchange in Kentucky, where he allowed Alma Ferguson to leave the vehicle but forcibly prevented Mary Swart from leaving. He drove north back across the Ohio River and raped Mary Swart in a secluded spot in Ohio. He then transported her back to Kentucky where he let her go.

Defendant Brown was identified by Mary Swart as the perpetrator. He was indicted for kidnapping in Kentucky and for rape in Ohio. Defendant maintains that he was wrongfully identified, that he was not the offender and that he was elsewhere on the night in question. The Kentucky charges of kidnapping were tried first, and the defendant did not contest the forcible transportation or the rape, but asserted the defense of alibi. Our review of the record of the kidnapping trial confirms the defendant's claim that the only issue in controversy was the identity of the perpetrator. The Kentucky jury returned a general verdict of not guilty. Thereafter defendant filed in this Ohio case his motion to dismiss the rape charge, which was denied.

Defendant's claim of error fails for several reasons. The constitutional guarantee against double jeopardy protects persons against successive trials for the same offense. Under Ohio law there were two separate and distinct offenses. Kidnapping under K.R.S 509.040(1)(B) is unlawfully restraining another person with intent to accomplish or to advance the commission of a felony (rape), very similar to the Ohio definition found in R.C. 2905.01(A)(2). The kidnapping was complete when Ms. Swart was unlawfully restrained in Kentucky with intent to rape. The rape was separated sufficiently in time and space to be a distinctly different crime. See *State* v. *Ware* (1980), 63 Ohio St. 2d 84 [17 O.O.3d 51]. The constitutional doctrine does not prevent prosecution for two separate offenses even though committed as part of a continuous course of conduct.

Moreover, the laws of two different states were violated, and the dual sovereignty theory comes into play; that is, successive prosecutions are constitutionally valid when the same acts violate the laws of two separate and distinct jurisdictions. It is clear that the dual sovereignty theory allows successive prosecutions as between federal and state violations (*Abbate* v. *United States* [1959], 359 U.S. 187, and *Bartkus* v. *Illinois* [1959], 359 U.S. 121, and *State* v. *Fletcher* [1971], 26 Ohio St. 2d 221 [55 O.O.2d 464], certiorari denied 404 U.S. 1024), and also as between the Navajo Tribe that has never surrendered its sovereignty over tribal offenders and the United States (*United States* v. *Wheeler* [1978], 435 U.S. 313). We hold that the same result must be obtained as between two states; neither Kentucky nor Ohio has surrendered its sovereign power to punish lawbreakers.

Brown contends that the doctrine of collateral estoppel precludes the relitigation in Ohio of the issue of identity as established in the Kentucky trial in his favor. As stated in *Ashe* v. *Swenson* (1970), 397 U.S. 436, 443, collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit." This argument is unavailing because the same parties are not involved in the Ohio prosecu-

tion as were involved in the Kentucky trial. Ohio was not present in the first proceeding in any binding way even though Ohio law enforcement personnel may have testified in that proceeding. The doctrine of collateral estoppel does not preclude the Ohio proceeding. See *Crooker* v. *United States* (C.A. 1, 1980), 620 F.2d 313, and the line of cases cited therein. Even in the civil setting, where the doctrine has been expanded to preclude the relitigation of previously adjudicated issues without a total mutuality of parties, the prior adjudication cannot be asserted against a party who was not a party to or in privity with a party to the prior action. *Parklane Hosiery Company, Inc.* v. *Shore* (1979), 439 U.S. 322. Ohio cannot be precluded from relitigating any and all issues, including identity of the perpetrator, even though such issues were present, litigated in the Kentucky trial, and resolved in favor of the defendant.

*Judgment affirmed.*

DOAN and KLUSMEIER, JJ., concur.