**Duane Earl POPE, Appellant,**
v.
**Charles THONE, Governor; Paul Douglas, Attorney General; and Jerry Bolin, Superintendent of Institutions, Appellees.**
No. 81–1895.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1982.

Decided Feb. 24, 1982.

Rehearing and Rehearing En Banc
Denied March 29, 1982.

Certiorari Denied June 21, 1982.
See 102 S.Ct. 2974.

Wallace M. Rudolph, Tacoma, Wash., for appellant.

Paul L. Douglas, Atty. Gen., Ralph H. Gillan, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before HENLEY, and McMILLIAN, Circuit Judges, and GIBSON, Senior Circuit Judge.

PER CURIAM.

Duane Earl Pope appeals the order of the district court denying his petition for a writ of habeas corpus. We affirm.

Appellant was charged in a six-count indictment with violations of the federal bank

---

robbery statute, 18 U.S.C. §§ 2113(a), (b), (d), and (e), after robbing a Nebraska bank on June 4, 1965 and killing three bank employees during the course of the robbery.[1] He was convicted on all counts and sentenced to concurrent terms of twenty, ten, and twenty-five years for violations of sections 2113(a), (b), and (d) and to death on the three counts arising from the killings of the bank employees, 18 U.S.C. § 2113(e). This court affirmed the convictions and sentences in *Pope v. United States*, 372 F.2d 710 (8th Cir. en banc 1967). The United States Supreme Court subsequently vacated the death sentences and remanded the case for resentencing. *Pope v. United States*, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). On remand appellant was sentenced to life imprisonment on the counts based on violations of 18 U.S.C. § 2113(e).

After he was resentenced in the federal proceedings, appellant was tried in state court on, *inter alia*, three charges each of premeditated murder and homicide during a robbery. *See* Neb.Rev.Stat. § 28–401 (Reissue 1964). The case was tried to the court on the record of testimony at the federal trial. Following a conviction on all counts and the imposition of three death sentences, Pope appealed to the Supreme Court of Nebraska, which affirmed. *See State v. Pope*, 186 Neb. 489, 184 N.W.2d 395 (1971). The death sentences were vacated in *Pope v. Nebraska*, 408 U.S. 933, 92 S.Ct. 2870, 33 L.Ed.2d 745 (1972). On remand, the state trial court sentenced appellant to three consecutive life terms plus twenty years to begin after he had served the federal sentences. The new sentences were affirmed in *State v. Pope*, 190 Neb. 689, 211 N.W.2d 923 (1973), *appeal dismissed* and *cert. denied*, 416 U.S. 977, 94 S.Ct. 2379, 40 L.Ed.2d 756 (1974).

Appellant, who is currently an inmate at the federal penitentiary in Leavenworth, Kansas, and is subject to a detainer issued by Nebraska officials, then sought habeas corpus relief in federal court. In his application for a writ he contended, as he does now on appeal, that (1) the state convictions and multiple sentences violated the double jeopardy clause because the state did not have a compelling interest in reprosecuting or sentencing him; and (2) in the totality of the circumstances, a second prosecution and punishment violated his right to a fair trial. We briefly address each of these contentions.

■ In advancing his double jeopardy claim, appellant essentially urges us to adopt, as a matter of federal constitutional law, what is generally known as the *Petite* policy.[2] *See Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Under this policy the federal government generally declines to prosecute after a state prosecution unless the reasons for the successive federal prosecution are compelling. *See Rinaldi v. United States*, 434 U.S. 22, 24 n.5, 98 S.Ct. 81, 82 n.5, 54 L.Ed.2d 207 (1977); *United States v. Wallace*, 578 F.2d 735, 739–40 (8th Cir. 1978), *cert. denied*, 439 U.S. 898, 99 S.Ct. 263, 58 L.Ed.2d 246 (1979). Based on a number of state decisions adopting a compelling interest standard for successive prosecutions, *e.g.*, *People v. Cooper*, 398 Mich. 450, 247 N.W.2d 866 (1976), and his interpretation of *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922), *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), and particularly *Rinaldi v. United States, supra*, which discusses the *Petite* policy, appellant would have this court read into the double jeopardy clause a requirement that trial and punishment by a second sovereign after prosecution by a different sovereign be permitted only to vindicate a compelling governmental interest. We decline to do so.

This court has stated:

> *States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), in which its existence was first acknowledged by the United States Supreme Court. *See United States v. Wallace*, 578 F.2d 735, 740 n.3 (8th Cir. 1978), *cert. denied*, 439 U.S. 898, 99 S.Ct. 263, 58 L.Ed.2d 246 (1979).

---

1. Appellant shot a fourth bank employee who lived and subsequently testified at trial.

2. Then Attorney General William P. Rogers announced this policy in 1959 in a press release and letters to United States attorneys. The policy derives its name from *Petite v. United*

Successive prosecutions by state and federal governments are not barred by the double jeopardy clause of the fifth amendment. *Abbate v. United States,* 359 U.S. 187, 196, 79 S.Ct. 666 [671], 3 L.Ed.2d 729 (1959). Such prosecutions are sanctioned under the 'dual sovereignty' doctrine, which recognizes that a single act may constitute separate and distinct offenses against two sovereigns, punishable by both. *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079 [1082], 55 L.Ed.2d 303 (1978); *Rinaldi v. United States,* 434 U.S. 22, 28, 98 S.Ct. 81 [84], 54 L.Ed.2d 207 (1977); *Bartkus v. Illinois,* 359 U.S. 121, 132, 79 S.Ct. 676 [682], 3 L.Ed.2d 684 (1959); *Abbate v. United States, supra,* 359 U.S. at 194 [79 S.Ct. at 670]. . . .

*United States v. Brown,* 604 F.2d 557, 559 (8th Cir. 1979); *see United States v. Taylor,* 603 F.2d 732, 734 (8th Cir.), *cert. denied,* 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). In light of these decisions upholding the dual sovereignty doctrine and the Supreme Court's pronouncement in *Rinaldi* that the *Petite* policy is "not constitutionally mandated," *Rinaldi v. United States,* 434 U.S. at 29, 98 S.Ct. at 85, we reject appellant's contention that a proper construction of the double jeopardy clause necessarily includes a "compelling state interest" component. Thus, we find that appellant's claim that the state prosecution violated his right to be free from multiple prosecution and punishment for the same offense is without merit.

We now turn to the second issue raised on appeal. Here, appellant argues that the totality of the circumstances in his case, that is, the publicity surrounding the federal trial, compulsory self-incrimination, and a breach of the doctrine of collateral estoppel impaired his right to a fair trial in state court. Whether ingenuous or ingeniously calculated, this approach is but another aspect of appellant's double jeopardy and multiple punishment arguments heretofore rejected by us. After carefully reviewing the record and considering appellant's contentions, we accept none of them and we conclude that the district court was correct in denying habeas relief on this ground.

Accordingly, the judgment of the district court is affirmed.