In August of 1981, Rebecca McQuire Heath was nine months pregnant. In that same month, she was kidnapped from her home in Russell County, Alabama, and executed by a single gunshot wound to her head. Her body was discovered in Troup County, Georgia. Her executioners had been hired by her husband, the defendant, for the sum of $2000.
The defendant was indicted for murder during a kidnapping in the first degree in violation of Section 13A-5-40 (a)(1), Code of Alabama 1975. At the guilt-finding phase of his trial, a jury found the defendant guilty as charged in the indictment. At the sentence-determining phase, the jury fixed the defendant's punishment at death. The trial judge then held the hearing mandated by Section 13A-5-47, found that the aggravating circumstance outweighed the mitigating circumstance and sentenced the defendant to death. The written findings of the trial court are attached to this opinion as Exhibit A. The trial and sentencing proceedings were conducted in accordance with Beck v. State, 396 So.2d 645 (Ala. 1981), and Beck v.Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). One issue is presented on appeal.
 I
The defendant's sole contention on appeal is that his pleas of autrefois convict and former jeopardy were due to be granted. The defendant pled guilty to his wife's murder before the Superior Court of Troup County, Georgia, in February of 1982. He was sentenced to life imprisonment. The defendant argues that this prior Georgia conviction should have barred his subsequent trial and conviction in Alabama for the same criminal conduct.
The double jeopardy clauses of both the Fifth Amendment to the Constitution of the United States and Section 9, Art. I, of the Alabama Constitution, provide that no person shall "for the same offense" be twice put in jeopardy of life or limb. Consequently,
 "A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law." Racine v. State, 291 Ala. 684, 687 286 So.2d 896 (1973).
The doctrine of dual sovereignty provides that, "in the absence of a statute, the rule against double jeopardy applies only to offenses against the same sovereignty." 22 C.J.S. Criminal Law, Section 296 (1961). Barnett v. State, 373 So.2d 1226
(Ala.Cr.App. 1979), cert. denied, 373 So.2d 1230 (Ala. 1980). The United States Supreme Court has recognized this doctrine in holding that a single act may constitute an offense against both state and federal governments and that the offender may be prosecuted by both governments. Abbate v. United States,359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v.Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Also recognizing the principle that a person convicted in a state court may subsequently be prosecuted for the same act in federal court are United States v. Wheeler, 435 U.S. 313,98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); Waller v. Florida,397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), rehearing denied,398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970); UnitedStates v. NG, 699 F.2d 63 (2nd Cir. 1983); Pope v. Thone,671 F.2d 298 (8th Cir. 1982), cert. denied, 457 U.S. 1140,102 S.Ct. 2974, 73 L.Ed.2d 1360 (1982); Brown v. United States,551 F.2d 619 (5th Cir. 1977).
We have been cited to no federal case involving jeopardy and multiple state prosecutions. However, the courts of various states have recognized that a single act may constitute offenses against two different states and therefore prosecution in *Page 900 
both states is constitutionally permissible under the principle of dual sovereignty. People v. Walker, 123 Cal.App.3d 981,177 Cal.Rptr. 147 (1981); State v. Booth, 418 So.2d 385 (Fla.App. 1982); State v. Brown, 2 Ohio App.3d 321, 441 N.E.2d 1126
(1981); State v. Straw, 626 S.W.2d 286 (Tenn.Cr.App. 1981);State v. Glover, 500 S.W.2d 271 (Mo.App. 1973).
In Hare v. State, 387 So.2d 299, 300 (Ala.Cr.App. 1980), this Court held that such dual prosecutions are permitted.
 "`A conviction in one state for an act in violation of its laws is not a bar to a prosecution in another for the same act, if it violates the laws of the latter state, unless it is otherwise provided by statute, or unless by compact between the states it has been agreed that the jurisdiction shall vest exclusively in the state first apprehending and arresting accused.' 22 C.J.S. Criminal Law, Section 296 (c) (1961)."
In the absence of any statutory exception to the dual sovereignty doctrine, see Barnett, supra, we adhere to the principle stated in Hare, supra, and find no error in the denial of the defendant's pleas of former jeopardy.
 II
We have fulfilled our statutory duty and searched the record for error affecting any substantial right of the defendant but have found none. Alabama Code Section 12-22-241 (1975); A.R.A.P. 45A.
We now review the propriety of the death sentence as required by Section 13A-5-53, Code of Alabama 1975. We have reviewed the sentencing proceedings and find therein no error adversely affecting the rights of the defendant. The trial court's finding of the aggravating and mitigating circumstances is supported by the evidence. The only aggravating circumstance relied on (the capital offense was committed while the defendant was an accomplice in the commission of a kidnapping, Section 13A-5-49 (4)) was established by the verdict of conviction itself. This was proper under Section 13A-5-50, Code of Alabama 1975.
Explicitly addressing each of the three questions specified in Section 13A-5-53 (b), we find that death is the proper sentence in this case.
(1) Under Section 13A-5-53 (b)(1), there is no evidence that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. The trial court instructed the jury in its oral charge in the sentencing hearing not to let any sympathy, bias, passion, or prejudice affect their deliberations or sentence verdict. In the absence of any evidence to the contrary, we must assume that the jurors followed these instructions. Marshall v. Lonberger,459 U.S. 422, 438, n. 6, 103 S.Ct. 843, 853, n. 6, 74 L.Ed.2d 646 (U.S. 1983); Parker v. Randolph, 442 U.S. 62, 73, 99 S.Ct. 2132,2139, 60 L.Ed.2d 713 (1979).
(2) Our independent weighing of the aggravating and mitigating circumstances required by Section 13A-5-53 (b)(2) indicates that death is the proper sentence. The record discloses the chronicle of a murder deliberately planned and engineered. The defendant overcame every obstacle in his path to insure the consummation of his wicked scheme. In consideration of the evidence presented, we do not see how the jury could have returned any verdict but that of guilty with a punishment of death.
In consideration of the third factor in determining whether the death sentence was proper, Section 13A-5-53 (b)(3), we find that the sentence of death is neither excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. See Williamson v.State, 370 So.2d 1054 (Ala.Cr.App. 1978), affirmed,370 So.2d 1066 (Ala. 1979), vacated and remanded on other grounds,448 U.S. 903, 100 S.Ct. 3042, 65 L.Ed.2d 1132 (1980).
In reviewing this factor, we have considered the punishments and convictions of the defendant's accomplices in the State of Georgia. Each accomplice was indicted for murder during kidnapping first degree. *Page 901 
The defendant's girlfriend, Denise Paige Lambert, pled guilty to conspiracy to commit murder and was sentenced to ten years' imprisonment. Sanders Williams, who was hired to commit the murder but disappeared after several attempts "fell through", also pled guilty to conspiracy to commit murder and received a ten-year sentence.
Jerry Heath, the defendant's brother, who allegedly furnished the defendant with the name of someone who would commit the murder, was tried and acquitted. The two hired assassins, Charles Edward Owens and Gregory Hughes Lumpkin, were convicted of murder and received life sentences.
Our review of the entire record convinces us that the judgment of the circuit court is due to be and it is hereby affirmed.
AFFIRMED.
All Judges concur.
 EXHIBIT A STATE OF ALABAMA, ) IN THE CIRCUIT COURT OF Plaintiff ) RUSSELL COUNTY, ALABAMA ) CRIMINAL ACTION NO. CC 82-392 vs. ) LARRY GENE HEATH, ) Defendant ) )
 DETERMINATION OF SENTENCE BY THE COURT
The defendant herein, with assistance of counsel at all proceedings, was found guilty as charged in the indictment. Thereafter a sentence hearing with participation by the same jury as at trial was held. Pursuant to Section 13A-5-47, Code of Alabama 1975, the Court makes the following findings of fact summarizing the crime herein and the defendant's participation in the crime:
 FINDINGS OF FACT GUILT PHASE
In early August, 1982 defendant contacted his brother, Jerry Heath, and Jerry Heath set up a meeting at which he, defendant, and Ricky Heath, another brother of defendant, discussed defendant's intentions to kill his wife, Rebecca Heath. Defendant gave Ricky Heath $40.00 for his expenses toward accomplishing that result; however, nothing developed from this meeting.
Defendant thereupon contacted Jerry Heath a second time. Jerry Heath told defendant he knew somebody else that might commit the murder. Subsequently Jerry Heath told defendant to meet a person at an apartment in Columbus, Georgia. This person was Charles Edward Owens. Sometime later Owens and two other men, Gregory Hughes Lumpkin and Sanders Williams, went to defendant's place of employment. There defendant discussed with Williams the details of his plans. Defendant wanted the homicide to appear to be an accident. Defendant paid Williams $100.00 as a down payment. Later that day defendant went to Owens' apartment and gave a pistol to Williams. Defendant planned for Williams to force his way into Rebecca Heath's car while she took defendant to work. Williams was then to kill Rebecca Heath and make her death appear to be accidental. The next day defendant gave Owens another $300.00, so that they could obtain an automobile to carry out the plan.
Nothing materialized from this plan, and several days later Owens told defendant Williams had left and his whereabouts were unknown. Owens stated to defendant that he and his partner, Gregory Hughes Lumpkin, would do the job for *Page 902 
defendant. Approximately two days later, on August 31, 1981, at about 2:00 A.M., Owens called defendant at defendant's home and said that he and Lumpkin were prepared for the job. At 6:00 A.M. defendant locked and left his house. Before leaving he put a brick in his car which was also used by his wife. The brick was to be placed on the accelerator in carrying out the appearances of an accident. He also left a piece of wiring in the car to tie down the steering wheel.
Defendant went to Owens' apartment and explained how he wanted the act done. Defendant then went to the apartment of his girlfriend, Denise Lambert, and waited for a call from Owens. After receiving the call, defendant went to a service station in Columbus, Georgia, and turned over his automobile, a 1978 green Oldsmobile, to Lumpkin. Owens was also present, driving a white Mustang.
Defendant and Denise Lambert, driving Lambert's truck, led Owens and Lumpkin to Russell County, Alabama. On the road leading to his house, defendant stopped and pointed out the house to Lumpkin. Defendant then left as Owens pulled up beside Lumpkin. Defendant had left his house keys on the key ring with his car keys, so that Lumpkin had the keys to the house. The evidence indicates that Rebecca Heath was in her home when defendant pointed out his house to Owens and Lumpkin. At 9:10 A.M. that same morning defendant's car was seen a short distance off the road known as Smokey Road in Troup County, Georgia. A light-colored Mustang was seen sideways in the road one hundred yards from defendant's automobile. It then went down the road at a high rate of speed.
The body of Rebecca Heath was found at approximately 11:00 A.M. She was dead, having suffered a fatal gunshot wound through the right eye and into the brain. She was nine months pregnant.
In August, 1981 defendant borrowed $2,500.00 from Southern Discount Company. Rebecca Heath was a cosigner of this loan. $500.00 of this loan was used by defendant to build concrete pads for his dog pen. Thereafter defendant formed the intention to use the balance of $2,000.00 to pay for the murder of his wife. This sum of money was used for that purpose.
Rebecca Heath was forcibly abducted from her home in Russell County, Alabama, for the purpose of inflicting sufficient physical injury to her to cause her death. There is no evidence to suggest that at any time she was armed with any weapon. There is no evidence to indicate that the killing of Rebecca Heath was a justifiable or excusable homicide.
Defendant states that he formed the intention and plan to murder his wife because he was under the influence of extreme mental and emotional disturbance based upon his belief that his wife was engaged in an extramarital affair with another man and was pregnant by that man.
The Court finds that defendant initiated, procured, aided and abetted, and planned the abduction of Rebecca Heath so that she could be murdered. Defendant intentionally hired others with whom he was acting in complicity to intentionally abduct Rebecca Heath and to intentionally murder the said Rebecca Heath.
 FINDINGS FROM SENTENCING PHASE
After the trial a sentence hearing was conducted with participation by the jury. The state rested upon the evidence brought forth at trial. The defendant presented evidence by witnesses called to testify. Arguments were made to the jury by both sides. The jury deliberated after being charged by the Court and unanimously returned a recommendation that defendant's punishment be death.
The Court ordered the probation officer for this circuit to prepare a written presentence investigation report. This report was duly prepared and filed. Copies of the same were furnished to counsel for both parties. A hearing was held for the parties to respond to the report and to present evidence about any part of the report *Page 903 
which would be the subject of a factual dispute. At this hearing the state presented no further evidence. The defendant testified and gave evidence disputing certain matters in the presentence investigation report. The defendant also stated that he did have remorse for the killing of his wife, Rebecca Heath.
The Court finds from the evidence presented in this case that the defendant was guilty and is guilty of the murder of Rebecca Heath during a kidnapping in the first degree of the said Rebecca Heath.
The Court finds the following aggravating circumstance to exist in this case: The capital offense was committed while the defendant was engaged in the commission of a kidnapping.
The Court finds that the following aggravating circumstances do not exist in this case:
A. The capital offense was committed by a person under sentence of imprisonment.
B. The defendant was previously convicted of another capital felony or a felony involving the use of threat of violence to the person.
C. The defendant knowingly created a great risk of death to many persons.
D. The capital offense was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.
E. The capital offense was committed while the defendant was engaged or was an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit, rape, robbery, or burglary.
F. The capital offense was committed for pecuniary gain.
G. The capital offense was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.
H. The capital offense was especially heinous, atrocious, or cruel compared to other capital offenses.
Upon consideration of all of the evidence brought forth at the trial in this case, the sentence hearings, and the presentence investigation report, the Court finds that the following mitigating circumstances exists in this case: Defendant was convicted of the murder of Rebecca Heath in the Superior Court of Troup County, Georgia, on February 10, 1982, and received a sentence of life imprisonment in that court.
The Court finds that the following mitigating circumstances do not exist in this case:
A. The defendant has no significant history of prior criminal activity. The Court finds that the defendant does have a significant history of prior criminal activity in that before the sentence hearing in this case he was convicted of three felony offenses, those being buying, receiving or concealing stolen property, forgery, and a criminal attempt of theft by extortion.
B. The capital offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.
C. The victim was a participant in the defendant's conduct or consented to it.
D. The defendant was an accomplice in the capital offense committed by another person and his participation was relatively minor.
E. The defendant acted under extreme duress or under the substantial domination of another person.
F. The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law were substantially impaired.
G. The age of the defendant at the time of the crime.
H. Any other mitigating circumstances offered pursuant to Section 13A-5-52, Code of Alabama 1975.
Upon considering and weighing the aggravating circumstance with the mitigating circumstances in this case, the Court is of the opinion that the aggravating circumstance *Page 904 
outweighs any mitigating circumstances. It is, therefore,
ORDERED AND ADJUDGED BY THE COURT that the defendant be sentenced to death by electrocution as specified in the laws of this state and as set forth in an order of sentence by this Court.
DONE this the 10th day of February, 1983.
 Wayne T. Johnson
Circuit Judge
 ORDER OF SENTENCING
This case is now before the Court for sentencing. The State is represented by its district attorney and the defendant is present in open court with his counsel, Larry W. Roney, Esq., and R. Michael Raiford, Esq. The Court has previously conducted a sentence hearing with participation by the jury and a hearing for the parties to present evidence regarding matters in the contents of the presentence report and for arguments to be made regarding the proper sentence in this case. The defendant, Larry Gene Heath, being asked by the Court if he has anything to say as to why the sentence of the Court should not be pronounced or before sentence is pronounced says proceedings violate the 5th Amendment and laws of this state.
Upon jury verdict of guilty of murder during kidnapping in the first degree, the Court adjudges the defendant guilty of murder during kidnapping in the first degree, that is, that Larry Gene Heath did intentionally cause the death of Rebecca Heath by shooting her with a pistol, and Larry Gene Heath caused said death during Larry Gene Heath's abduction of, or attempt to abduct, Rebecca Heath, with the intent to inflict physical injury upon her, in violation of Section 13A-5-40
(a)(1) of the Code of Alabama 1975, as amended. Upon consideration of the evidence in this case, the matters brought forth in the sentence hearing, and upon consideration of the aggravating and mitigating circumstances in this case, the Court finds that the aggravating circumstance outweighs any mitigating circumstances.
It is, therefore,
ORDERED BY THE COURT that the punishment in this case is fixed at death.
IT IS ORDERED BY THE COURT that the defendant, Larry Gene Heath, be sentenced to death by electrocution on the 17th day of March, 1983.
The Sheriff of Russell County, Alabama, shall deliver the said Larry Gene Heath to the custody of the Warden of the William C. Holman unit of the state prison system at Atmore, Alabama, together with a warrant from the clerk of this court as set forth hereafter.
The executioner designated by the laws of this state, at the proper place specified by law for the execution of one sentenced to death, shall cause a current of electricity of sufficient intensity to cause death to pass through the body of the defendant, with such current of electricity to be applied and to continue until the defendant, Larry Gene Heath, is dead.
The clerk of this court is ordered to issue a warrant under the Seal of this Court directed to the warden of William C. Holman unit of the state prison system at Atmore, Alabama, for the execution of the sentence of death, which warrant shall recite the fact of conviction and shall set forth specifically the offense, the judgment of the Court, and the time fixed for defendant's execution. Said warrant shall command the warden to proceed at the time and place named in the sentence to carry the same into execution as provided in Section 15-18-82, Code of Alabama 1975. The clerk shall deliver said warrant to the Sheriff of Russell County, Alabama, who shall deliver the same, together with the defendant, Larry Gene Heath, to said warden.
Pursuant to Section 13A-5-55, the judgment of conviction is subject to automatic review. Notice of appeal is entered and the sentence herein is suspended, pending appeal. *Page 905 
DONE this the 10th day of February, 1983.
 s/Wayne T. Johnson
Circuit Judge