John BRUCH

v.

UNITED STEELWORKERS OF
AMERICA, AFL–CIO.

Civ. A. No. 83–4866.

United States District Court,
E.D. Pennsylvania.

Feb. 15, 1984.

John P. Karoly, Jr., Allentown, Pa., for plaintiff.

Joy E. Klopp, Pittsburgh, Pa., Joseph Lurie, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

CAHN, District Judge.

This is an action brought against a labor organization for an alleged breach of its duty of fair representation. Plaintiff, John Bruch ("Bruch"), a union member of the defendant, United Steelworkers of America, AFL–CIO (the "International"), claims the International failed to represent him fairly in processing a grievance lodged by Bruch against his former employer, Ingersoll Rand Company ("Ingersoll"). The International has moved to dismiss Bruch's complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Bruch's complaint is time-barred by the applicable six month statute of limitations. *See DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Pursuant to Federal Rule of Civil Procedure 12(c), the International's motion is to be treated as a motion for summary judgment, because matters outside the pleadings have been considered. For the reasons explained in this opinion, the International's motion will be granted, and judgment will be entered in favor of the International and against Bruch.

The material facts in this case are undisputed. Bruch was discharged by Ingersoll on May 28, 1982. Ingersoll claimed that Bruch had been smoking marijuana while on Ingersoll's property. Local 2552 of the United Steelworkers of America (the "Local") filed a grievance on Bruch's behalf in early June, 1982.[1] The Local processed the grievance through three steps of the contractual grievance procedure. On December 27, 1982, the Local withdrew Bruch's grievance, and Bruch remained discharged. Within the next few days, John H. Reinhart ("Reinhart"), President of the Local, called Bruch on the telephone. Reinhart told Bruch that the Local had decided not to pursue the grievance to arbitration. Reinhart also informed Bruch that the International had been unable to persuade Ingersoll to reinstate Bruch as an employee. Bruch was invited by Reinhart to attend the next Local meeting, at which time the two men could discuss the matter at greater length.

Reinhart heard no more of the Bruch affair until March 8, 1983, when he received a letter from Bruch's attorney. The letter described the facts of Bruch's discharge and grievance, and asked several questions concerning the grievance procedure. The letter also stated that "in December of 1982, [Reinhart] called [Bruch] and told him the [Local] was dropping the case." The Local forwarded the letter from Bruch's attorney to the International's legal department. In response to the inquiries of Bruch's attorney, counsel for the International replied:

> As I'm sure you know, Mr. Reinhart, the local union President, informed Mr. Bruch that his grievance was lost, and invited him to attend the next union meeting if he had any questions concerning the disposition of the case. Mr. Bruch did not attend the next meeting.

Bruch's attorney received the letter from the International on April 7, 1983. On October 6, 1983, the complaint was filed in the instant case.

Neither party disputes that the six month statute of limitations contained in Section 10(b) of the National Labor Relations Act is applicable here.[2] 29 U.S.C. § 160(b). In *DelCostello,* the Supreme Court held that the limitations period of Section 10(b) governed an employee's action against his union based on the union's alleged breach of the duty of fair representation. —— U.S. at ——, 103 S.Ct. at 2290,

---

1. The Grievance Report signed by Bruch is dated as of June 1, 1982, in one section, and as of June 4, 1982, in another section. It is undisputed, however, that Bruch filed the grievance in the early portion of June, 1982.

2. The statute reads in pertinent part:

> *Provided* ... no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge.
>
> § 10(b) National Labor Relations Act, 29 U.S.C. § 160(b).

76 L.Ed.2d at 488. *DelCostello* was decided by the Court in June of 1983. Subsequently, the Court of Appeals for the Third Circuit, per Judge Hunter, considered whether the six month period of *DelCostello* should be applied retroactively. *Perez v. Dana Corp.*, 718 F.2d 581 (3d Cir.1983). Judge Hunter analyzed the factors set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and concluded that retroactive application of the *DelCostello* limitations period was appropriate. *Id.* at 584–88. Therefore, even though Bruch's cause of action accrued prior to the *DelCostello* decision in June of 1983, Section 10(b)'s six month limitations period governs the timeliness of Bruch's October 6, 1983 complaint.

The International argues that Bruch's claim is time-barred, because Bruch was informed in December of 1982 that the Local had decided not to pursue the grievance. Bruch does not dispute that he received such notice in December of 1982. Rather, Bruch argues his cause of action did not accrue until he received *written notice* of the Local's decision, by way of the International's April, 1983, letter to his attorney.

Prior to *DelCostello*, Bruch argues, state limitations periods governed the accrual of causes of action in the fair representation area. In *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held in a similar suit ·that an employee's claim against his employer was governed by a state statute of limitations for vacation of an arbitration award.[3] In Pennsylvania, the relevant statute is 42 Pa.C.S.A. § 7314(b), which sets forth a thirty day limitations rule. That statute provides that the thirty day period for vacating an arbitration award begins to run once "a copy of the award [is delivered] to the applicant". *Id.* Drawing on this language, Bruch concedes that *DelCostello* mandates a six month limitations period, but argues that written notice continues to be required under 42 Pa.C.S.A. § 7314(b).

Bruch's duty of fair representation claim, however, does not arise from an arbitration award. Instead, Bruch protests the Local's failure to bring his grievance to arbitration. It is clear that an individual may bring a duty of fair representation action due to his union's unwillingness to process a grievance. *See DelCostello*, ––– U.S. at –––, 103 S.Ct. at 2291 n. 16, 76 L.Ed.2d at 490 n. 16. In such cases, the limitations period begins to run when the plaintiff receives notice that the union will proceed no further with the grievance. This reflects the general rule that the limitations period begins "... when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." *Metz v. Tootsie Roll Industries*, 715 F.2d 299, 304 (7th Cir.1983) (citations omitted; brackets in original). In Bruch's case, it is undisputed that Bruch was told in late December of 1982 that the Local would pursue his grievance no further.[4] Bruch's complaint was not filed until October of 1983, nearly ten months after Bruch's cause of action accrued. Therefore, Bruch's case is time-barred by the six month limitations period mandated by *DelCostello*.

This result is supported by both pre-*DelCostello* and post-*DelCostello* case law. *See Metz v. Tootsie Roll Industries*, 715

---

**3.** The plaintiff in *Mitchell* brought suit against his employer under Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185. Section 301 provides for federal court jurisdiction over suits for breach of collective bargaining agreements. A union member's action against his union for breach of the duty of fair representation is analogous to an employee's suit against his employer under Section 301. *See Perez v. Dana Corp.*, 718 F.2d at 582 (citations omitted). In *DelCostello*, the Supreme Court concluded that the six month limitations period of Section 10(b) "should be the applicable statute of limitations governing the suit, both against the employer and against the union." ––– U.S. at –––, 103 S.Ct. at 2285, 76 L.Ed.2d at 483.

**4.** Bruch does not contend that any internal union procedures required the Local to inform him in writing of the decision to abandon Bruch's grievance.

F.2d 299 (7th Cir.1983) (post-*DelCostello*); *Vantine v. Sun Ship Building,* 110 LRRM 3387 (E.D.Pa.1982) (pre-*DelCostello*); *Fields v. Babcock & Wilcox,* 108 LRRM 3150 (W.D.Pa.1981) (pre-*DelCostello*). In fact, in *Metz* the Court of Appeals for the Seventh Circuit applied *DelCostello* to bar a duty of fair representation claim where the union had not provided plaintiff with any explicit notice that her grievance had been dropped. The collective bargaining agreement in *Metz* provided that all grievances had to be filed within five days of discharge. Metz was discharged in May of 1981, and the union failed to file a grievance on her behalf. Approximately 13 months thereafter, *Metz* filed her complaint against her union, alleging a breach of the duty of fair representation. Judge Cudahy opined that Metz's cause of action accrued in May of 1981, as she was effectively notified at that time of the union's refusal to process her grievance. 715 F.2d at 304. "At some point prior to the six month statutory period, the appellant should have realized that the Union was taking no action on her behalf." *Id.* The result in *Metz* compels the conclusion that Bruch's cause of action is time barred. Unlike Metz, Bruch indisputably received notice that the Local had abandoned his grievance. In fact, Bruch contacted an attorney within the six month period, who wrote to the International concerning the disposition of Bruch's grievance. Nevertheless, this action was not brought until October of 1983, over nine months after the Local informed Bruch that the grievance had been withdrawn.

For the foregoing reasons, the International's motion for summary judgment will be granted. An appropriate order will be entered.