**James W. MOORE, Pro Se, Plaintiff,**

v.

**TRUMP CASINO–HOTEL, Defendant.**

**Civ. No. 86–0811 (SSB).**

United States District Court,
D. New Jersey.

Aug. 24, 1987.

James W. Moore, pro se.

Horn, Kaplan, Goldberg, Gorny & Daniels by Jack Gorny, Atlantic City, N.J., for defendant.

OPINION

BROTMAN, District Judge:

This case concerns the Title VII and pendent state law claims brought by James W. Moore, pro se, against Trump Casino–Hotel ("Trump"). Mr. Moore was discharged from his position as bellman at defendant's hotel on May 22, 1985. Trump maintains that Moore was discharged for poor job performance and the theft of tips that had been left in patrons' rooms for the hotel maids. *See* Defendant's Brief in Support of the Motion for Summary Judgment

---

*pra*, 107 S.Ct. at 2026, n. 4, 2028, plaintiff has not factually developed that claim.

**3.** See n. 1, *supra*.

("Defendant's Brief") at 5. Moore maintains that the discharge, as well as allegations of theft and poor performance, were the culmination of a pattern of racial discrimination by Trump's managers and supervisors that Moore and others endured throughout their employment at the hotel. *See* Plaintiff's Original Complaint, filed February 26, 1986.

### Procedural Background

On October 23, 1986, this court dismissed certain claims Moore had brought under 42 U.S.C. § 1981, *et seq.* The court and the parties agreed that plaintiff's remaining allegations could be properly construed as a Title VII claim of racially disparate treatment, and pendent state law claims. *See* Defendant's Brief at 2.

Presently before the court is Trump's motion for summary judgment on the Title VII claim, and dismissal of the remaining state law claims for lack of federal jurisdiction. Defendant's Brief at 5. Trump argues first, that Moore's submission of his claim for possible arbitration precludes his litigation of the Title VII claim in federal court. Second, Trump argues that Moore's rejection of Trump's pre-arbitration settlement offer constitutes a waiver of his claim under 42 U.S.C. § 2000e–5. Defendant's Brief at 5 & 9.

### Summary Judgment Standard

The standard for granting summary judgment is a stringent one. Fed.R.Civ.P. 56(c) provides that summary judgment may be granted only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hersh v. Allen Prods. Co., Inc.,* 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Insurance Co.,* 721 F.2d 118 (3d Cir.1983). In deciding whether an issue of material fact does exist, the court is required to view all doubt in favor of the nonmoving party. *Meyer V. Riegel Prods. Corp.,* 720 F.2d 303, 307 (3d Cir.1983); *Knoll v. Springfield Township School District,* 699 F.2d 137, 145 (3d Cir.1983); *Smith v. Pittsburgh Gage and Supply Co.,* 464 F.2d 870, 874 (3d Cir.1972).

### Legal Analysis

#### Preclusion

■ Trump's preclusion argument begins with an analysis of federal common law governing employee actions under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See, e.g., Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Trump maintains that under the collective bargaining agreement between Local 54 and the Casino Hotels of Atlantic City, because Moore decided to submit his grievance to arbitration, he is precluded from litigating his complaint in this court. *See* Defendant's Brief at 5 and Exhibit F. Trump argues that the well-established federal interest in promoting arbitration requires that once an aggrieved employee has elected to avail himself of the grievance procedure, he must exhaust his administrative remedies before going to court. Defendant's Brief at 8, citing *Teamsters Local v. Lucas Flour Co.,* 369 U.S. 95, 105, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 (1962); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *United Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). Trump argues that "Moore's instant federal claim is barred by his failure to even attempt to exhaust his administrative remedies within the confines of the Collective Bargaining Agreement." Defendant's Brief at 9.

Moore acknowledges that he originally submitted his grievance to Local 54 for arbitration, and he presents evidence indicating that the Union refused to pursue his claim. *See generally* Plaintiff's Exhibits, including copies of: Trump's settlement offer dated June 12, 1985; Letter from James Humphrey Allen (union representative) to James Moore (July 3, 1985); Letter from James Moore to James Humphrey Allen (July 11, 1985); Letter from Roy Silbert (President of Local 54) to James Moore (July 24, 1985); and notes pertaining to the settlement offer apparently obtained from Trump's files during discovery.

Plaintiff's exhibits indicate his willingness to have his grievance submitted to

binding arbitration. *See* Letter to James Humphrey Allen, *supra.* Moreover, the letters from Local 54's representative and President support Moore's contention that Local 54 recommended that Moore accept the settlement offer and the Union subsequently refused to arbitrate the complaint. Plaintiff's Retort to the Motion for Summary Judgment ("Plaintiff's Retort") at 6; Letter from Allen, *supra;* letter from Silbert, *supra.* ("It is my firm position that the offer be accepted in lieu of arbitration.") There is no requirement that a union member accept an employer's settlement offer when his Union refuses to submit his claim for arbitration.

Moore then filed a charge of employment discrimination with the New Jersey Division on Civil Rights, Plaintiff's Retort at 7. He later consulted the EEOC, received a right to sue letter, *id.* at 9, and then filed his complaint in federal district court.

Contrary to defendant's preemption argument, Congress provided the Title VII remedy as a "supplement" to existing remedies for discrimination. In discussing the relation between Title VII and the grievance-arbitration process established by collective bargaining agreements, the Supreme Court stated:

> Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination.... [A]n individual does not foreit his private cause of action if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement.

> [The] doctrine [of election of remedies] ... has no application in the present context. In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence.

> And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 48–50, 94 S.Ct. 1011, 1020, 39 L.Ed.2d 147 (1974) (footnotes omitted).

In response to the argument that by submitting his grievance to arbitration, the employee waives his Title VII remedies, the Court stated:

> The actual submission of petitioner's grievance to arbitration ... does not alter the situation. Although presumably an employee may waive his cause of action under Title VII as part of a voluntary settlement, mere resort to the arbitral forum to enforce contractual rights constitutes no such waiver.

*Id.* at 52, 94 S.Ct. at 1021.

*Waiver*

█ Trump next maintains that in refusing the settlement offer, Moore waived his right to sue in federal court. Defendant's Brief at 9. Trump characterizes the settlement offer as "full back pay along with reinstatement of his former position," and continues, "No other remedy would have been available to him under Title VII." Defendant's Brief at 10. Because Moore rejected this offer, Trump argues, Moore "waived any and all right of recovery he would otherwise have access to under Title VII." Defendant's Brief at 11.

Moore contends first, that Trump's $680 offer did not constitute "full back pay." Plaintiff's Retort at 6, 13; *see also* Defendant's Exhibit E, Moore deposition at 58–59; Moore's letter to Allen. This factual question remains unresolved. Furthermore, Moore has consistently argued that he was not merely interested in back pay and reinstatement. Rather, he wished to clear his record and to eliminate the allegedly discriminatory activities on the part of Trump's management. Plaintiff's Retort at 7; Moore's letter to Allen. Thus, it is unacceptable for defendant to mischaracterize Title VII's remedies as limited to back pay and reinstatement, when the statute expressly provides for injunctive relief of the type that Moore seeks.

If the court finds that the respondent has intentionally engaged in ... an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement ... with or without back pay ... or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e–5(g).

There remains a question of fact as to whether Trump offered Moore full back pay. Furthermore, regardless of the amount of this offer, the offer did not constitute full relief available under the statute. Moore, by rejecting the offer did not waive his right to pursue his Title VII claim which seeks both monetary and injunctive relief such as enjoining Trump from continuing further alleged discrimination.

The motion for summary judgment under Fed.R.Civ.P. 56(c) is denied. As the Title VII claim is not dismissed, defendant's motion to dismiss the pendent state law claims on jurisdictional grounds is also denied accordingly. By this decision, the court expresses no opinion as to the merits of plaintiff's Title VII claim or pendent state law claims.