## HOTEL AND RESTAURANT EMPLOYEES INTERNATIONAL UNION LOCAL 54, Plaintiff,

### v.

## ADAMAR, INC. t/a Tropicana Hotel & Casino, Defendant.

### Civ. A. No. 86–0706(SSB).

United States District Court,
D. New Jersey.

Sept. 28, 1987.

Meranze & Katz by William J. Wallen, Cherry Hill, N.J., for plaintiff.

Blank, Rome, Comisky & McCauley by Peter A. Gold, Caren Litvin Sacks, Cherry Hill, N.J., and Howard R. Flaxman, Philadelphia, Pa., for defendant.

## OPINION

BROTMAN, District Judge:

This matter comes before the court on motion of plaintiff Hotel and Restaurant Employees International Union Local 54 ("Union") for summary judgment to enforce an arbitration award, and the cross-motion to deny enforcement by defendant Adamar, Inc., t/a Tropicana Hotel and Casino ("Employer").

The standard for granting summary judgment is a stringent one. Fed.R.Civ.P. 56(c) provides that summary judgment may be granted only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hersh v. Allen Prods. Co., Inc.*, 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Insurance Co.*, 721 F.2d 118 (3d Cir.1983). In deciding whether an issue of material fact does exist, the court is required to view all doubt in favor of the nonmoving party. *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 (3d Cir.1983); *Knoll v. Springfield Township School District*, 699 F.2d 137, 145 (3d Cir.1983); *Smith v. Pittsburgh Gage and Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972).

The Union initiated this suit under 29 U.S.C. § 185 to enforce a labor arbitrator's award. The parties arbitrated a dispute over the rate of pay for employees who worked on New Year's Day. The Arbitrator, Robert E. Light, issued an award dated November 25, 1985, finding for the Union and ruling that employees working on New Year's Day were entitled to triple pay, not double pay as the Employer argued. *In the Matter of Arbitration Between Tropicana Hotel and Local 54*, No. 14300107084J (Defendant's Brief, Exhibit B). The Arbitrator based his decision on a reading of two sections of the contract, Article X, §§ 1, 7. Read together, the Arbitrator concluded that each section must be given effect and that an employee working on New Year's Day was entitled to both holiday pay under § 1 and two times the regular hourly rate under § 7, (resulting in triple pay). *Tropicana*, Exhibit B at 12–13. It appears that the most favored employer ("MFE") issue, Article XVIII, was neither raised before the Arbitrator nor considered.

On November 10, 1986, the same Arbitrator ruled on the same issue based on the same contract (several Atlantic City Casino Hotels are signatories to the same labor contract), when presented by *In the Matter of Arbitration Between Bally's Park Place, Inc. and Claridge Ltd. v. Local 54*, (Defendant's Brief, Exhibit C). The Arbitrator found on the basis of the record before him that employees were entitled to double pay, not triple pay. *Bally's*, Exhibit C at 9. The Arbitrator distinguished the *Tropicana* case from the *Bally's* case on the basis of new evidence of intent of the contracting parties submitted by the employer in the *Bally's* case, Exhibit C (attachment, Chart E). *Id.* This evidence was not presented in the *Tropicana* case, *id.* at 11; thus causing the Arbitrator to rely more heavily on his interpretation of the actual contract language.

The district court's scope of review over an arbitrator's decision is extremely narrow. *Local 863 Int'l Brotherhood of Teamsters v. Jersey Coast Egg Producers*, 773 F.2d 530, 533 (3d Cir.1985). The district court may not set aside an arbitrator's award merely because it disagrees with the arbitrator's contract interpretation. *Id.* Even an error of interpretation would not be reversible unless it "evidences manifest disregard for the law." *Id.* (citation omit-

ted); *Arco–Polymers, Inc. v. Local 8–74,* 671 F.2d 752, 754–55 (3d Cir.1982).

The defendant Employer challenges the *Tropicana* award on two grounds: (1) it fails to draw its "essence" from the contract, and (2) it is prohibited by the MFE clause. The first argument must fail because the Arbitrator explicitly based the *Tropicana* decision on his interpretation of specific contract language and the record before him. His interpretation is not undercut by his distinction between pay on Christmas and Christmas Eve as opposed to New Year's Day, nor by his reaching a different interpretation of the same contract when considering a different record one year after *Tropicana*. His *Tropicana* and *Bally*'s decisions, although not required to do so, explain reasons for the Christmas/New Year's Day distinction and the differing results in the two cases.

The MFE issue was not presented to the Arbitrator. Defendant correctly asserts that the MFE issue can only be raised by the employer in a "second" grievance after the arbitrator has interpreted a contract term against the employer's position. Defendant's statement of the rule appears to be supported by argument made by Bernard N. Katz, Esquire (his firm represents the Union in the case at bar), in a separate proceeding. *In the Matter of Arbitration Between Local 54 and Tropicana Casino,* No. 143001316M, p. 20 (March 20, 1987) (Defendant's Brief, Exhibit D). The defendant has asserted that the MFE issue was scheduled for arbitration April 13, 1987, but a decision, if one is available, has not been submitted to this court. The MFE issue is not properly before the court at this time.

Although the court recognizes that the Arbitrator has construed the same contract differently on two occasions, it is clear that each proceeding presented a different factual record for his consideration. Under the applicable standard of review, it is beyond doubt that the arbitrator did not commit reversible error. The court encouraged the parties to settle this matter under the principles embodied in the MFE clause. The parties being unable to do so, are now left to exercise their contractual rights. This court is constrained by the narrow scope of review of the arbitrator's award. Under that standard, this court finds that the award must be upheld. Plaintiff's motion to enforce the award is granted; defendant's cross-motion to deny enforcement is denied. The court, in its discretion, denies the other forms of relief sought by plaintiff.

## ORDER

This matter having been brought before the court on motions of the parties; and

The court having reviewed the submissions and oral argument of the parties; and

For the reasons stated in the court's opinion filed this date,

IT IS on this 28th day of September, 1987, hereby

ORDERED that the motion of plaintiff to enforce the November 24, 1985 Arbitrator's Award, pursuant to Fed.R.Civ.P. 56(c), is GRANTED; and it is

FURTHER ORDERED that the motion of plaintiff for an order requiring that defendant provide an accounting is DENIED; and it is

FURTHER ORDERED that the motion of plaintiff for fees and costs is DENIED; and it is

FURTHER ORDERED that the cross-motion of defendant to deny enforcement of the Arbitrator Award, pursuant to Fed. R.Civ.P. 56(c), is DENIED.

No costs.