**Annmarie CAVALIERE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 89–4653.

United States District Court,
D. New Jersey.

April 27, 1990.

Juan P. Ferrer, Barnes & Barnes, Newark, N.J., for plaintiff.

Susan Handler–Menahem, Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

WOLIN, District Judge.

Defendant moves to dismiss this action for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, or, in the alternative, for summary judgment. Defendant relies on its brief and the declaration of Ronald Farrington, District Manager, Paterson Office, Social Security Administration. Plaintiff opposes the motion and relies on her brief. The Court has reviewed these submissions and heard oral argument. For the reasons which follow, the Court finds that the United States is an employer within the meaning of the laws of New Jersey relating to Workers' Compensation. Therefore, the Federal Tort Claims Act is inapplicable to this situation and this Court lacks jurisdiction over this action. Plaintiff's action will be dismissed.

## I. BACKGROUND

This action involves a claim by plaintiff Annmarie Cavaliere under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) for injuries allegedly sustained while working at the offices of the United States Social Security Administration ("SSA") in Paterson, New Jersey. Plaintiff alleges that her injuries were caused by the negligence of defendant. Plaintiff's attorney conceded in his brief and at oral argument that plaintiff has pursued relief under the Workers' Compensation laws of New Jersey, as well as having filed this action.

At the time of the incident, plaintiff worked at the offices of SSA performing clerical duties under the auspices of the Older American Community Service Employment Program, 42 U.S.C. § 3056 *et seq.* ("the Program"). Pursuant to the Program, the Department of Health and Human Services contracted with Green Thumb, Inc. ("Green Thumb"), to furnish employees to work in the Paterson SSA office. Whether Green Thumb might be characterized as a "referral agency" or as an "employer" is irrelevant to the issue which this Court is called upon to decide.

## II. DISCUSSION

The issue before the Court is whether the United States is to be characterized as an employer under the Workers' Compensation laws of New Jersey law. Defendant argues that the United States is an employer under New Jersey law and therefore, is immune from common law tort actions which seek a recovery that workers' compensation provides. Plaintiff contends that the United States is not plaintiff's employer under New Jersey law and may be sued in tort under the FTCA.

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hersh v. Allen Products Co.,* 789 F.2d 230, 232 (3d Cir.1986). In making this determination, a court must make all reasonable inferences in favor of the non-movant. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismd,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment must be granted if no reasonable trier of fact could find for the non-moving party. *Id.* Moreover, if the moving party has carried its burden of establishing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Therefore, when the non-moving party's evidence is merely "colorable" or "not significantly probative," the Court may grant

summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

Under the FTCA, the United States is liable for the negligent acts or omissions of its employees acting within the scope of their employment. 28 U.S.C. § 1346(b). However, the United States will only be liable "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. §§ 1346(b) and 2674. New Jersey law provides that employees injured in the course of their employment receive workers' compensation from their employer for their injuries. N.J. S.A. § 34:15–1. In return for the assumption of the burden of providing this coverage, the employer is granted immunity from tort liability for any negligence related to that incident. N.J.S.A. § 34:15–8; *see Eger v. E.I. Du Pont DeNemours Co.*, 110 N.J. 133, 137, 539 A.2d 1213 (1988); *Wilson v. Faull*, 27 N.J. 105, 116, 141 A.2d 768 (1958).

Plaintiff makes two arguments to this Court. First, plaintiff contends implicitly that because Green Thumb is plaintiff's employer, the United States cannot also be considered as such. Second, plaintiff asserts that a finding that the United States was an employer under New Jersey law would run counter to the clear language and intent of the federal statute. The Court finds neither of plaintiff's arguments persuasive.

 It is well-settled law in New Jersey that an employee may have more than one employer for the purpose of a determination under the workers' compensation laws. *Antheunisse v. Tiffany & Co., Inc.*, 229 N.J.Super. 399, 551 A.2d 1006 (App. Div.1988), *certif. denied*, 115 N.J. 59, 556 A.2d 1206 (1989); *Blessing v. T. Shriver and Co.*, 94 N.J.Super. 426, 429–30, 228 A.2d 711 (App.Div.1967). Therefore, the fact that Green Thumb may be plaintiff's employer for the purposes of collecting workers' compensation benefits is not relevant to the Court's inquiry as to whether the United States is considered an employer under New Jersey law. Concerning statutory construction argument, plaintiff cites 42 U.S.C. § 3056b(a) to the Court as

evidence that Congress intended that the United States never be considered an employer under a state's laws. Section 3056b(a) states:

> Eligible individuals who are employed in any project funded under this subchapter shall not be considered to be Federal employees as a result of such employment and shall not be subject to the provisions of part III of Title 5.

As is obvious from its language, the provision specifically provides that individuals employed by the United States under the Program are not to be considered federal employees for the purposes of federal law. Section 3056b(b) provides that:

> No contract shall be entered into under this subchapter with a contractor who is, or whose employees are, under State law, exempted from operation of the State workmen's compensation law, generally applicable to employees, unless the contractor shall undertake to provide either through insurance by a recognized carrier, or by self-insurance, as authorized by State law, that the persons employed under the contract shall enjoy workmen's compensation coverage equal to that provided by law for covered employment.

42 U.S.C. § 3056b(b). Although there is no legislative history on this point, it does appear from the above that Congress intended that workers under the Program would be covered by either the workers' compensation insurance of the state, or its equivalent. Immunity from tort liability is merely the other side of the workers' compensation insurance coin. The Court finds no evidence that a finding in favor of the defendant in this action would run counter to any statutory language or purpose.

 The only remaining issue is whether the United States is an employer under the New Jersey workers' compensation laws. There is no dispute as to the material facts in this case. Plaintiff was placed in the SSA Paterson office by Green Thumb under the Program. Green Thumb had entered into an agreement with the Department of Health and Human Services pursuant to the Program to supply employees to SSA and to provide certain other services.

Pursuant to that contract Green Thumb was required to carry either workers' compensation insurance, or its equivalent. 42 U.S.C. § 3056b(b). Plaintiff's salary was paid to her by Green Thumb. Under the Program, Green Thumb was also required to provide, if necessary, additional training, certain counseling services and, job-related items, such as uniforms and tools. Green Thumb received federal funding from the Department of Labor, and also received funding from state and local agencies. Defendant interviewed plaintiff and made the decision to hire her. Defendant trained her and placed her in the clerical position she held. SSA personnel supervised plaintiff and had the authority to terminate her employment with SSA. Plaintiff contends that, on these facts, the Court must find that Green Thumb is plaintiff's employer and that the United States is a third party who may be sued in tort irrespective of the workers' compensation laws. Defendant contends, that on these facts, the Court must enter judgment as a matter of law for the United States, holding that the United States is an employer for the purposes of the New Jersey workers' compensation laws and is entitled to immunity from related tort liability.

In determining whether an employer-employee relationship exists for the purposes of workers' compensation coverage, the New Jersey courts consider the following factors under a totality of the circumstances analysis:

> "(1) the employer's right to control the details of the employee's work; that is, not only the results to be accomplished but the manner in which the business or work shall be done; (2) the right to discharge; (3) whether the service was performed for financial consideration."

*Biger v. Erwin*, 108 N.J.Super. 293, 298, 261 A.2d 151 (Monmouth Cty.Ct., Law Div. 1970) (citations omitted), *aff'd* 57 N.J. 95, 270 A.2d 12 (1970). Applying this analysis, the Court finds that the United States is plaintiff's employer under the totality of the circumstances. The SSA exercised the right to hire plaintiff, controlled all aspects of plaintiff's work and maintained the right to terminate the plaintiff. The fact that defendant did not directly compensate plaintiff does not outweigh the other factors which indicate an employment relationship in this situation. *See Antheunisse v. Tiffany Co., Inc.*, 229 N.J.Super. at 404, 551 A.2d 1006.

Based on the above analysis, the Court finds, as a matter of law, that on the undisputed facts of this case, defendant is an employer for the purposes of the New Jersey workers' compensation laws. Under the FTCA, the United States will only be liable if a private individual would be amenable to suit in similar circumstances. Since New Jersey law grants the United States immunity from suit in this situation, plaintiff cannot maintain this suit against the United States under the FTCA. As plaintiff has alleged no other basis for the jurisdiction of this Court, the Court will dismiss plaintiff's action for lack of subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment and dismiss plaintiff's complaint for lack of subject matter jurisdiction.