Mohamed **DESOKY**, etc., **Plaintiff,**

v.

Allan **LAZAR**, **Defendant.**

Civ. A. No. 93–5580.

United States District Court, D. New Jersey.

April 19, 1995.

---

Anthony D. Cipollone, Englewood Cliffs, NJ, for plaintiff.

James P. Logan, Logan & Logan, Englewood, NJ, for defendant.

## OPINION

WOLIN, District Judge.

This matter is brought before the Court on defendant's motion for summary judgment. For the reasons set forth herein, defendant's motion will granted and the Court will dismiss with prejudice plaintiff's trade dress infringement claims and dismiss without prejudice the plaintiff's pendent state law claims for breach of contract.

## BACKGROUND

Plaintiff Mohamed Desoky is the president of Amitco Inc., which does business as Medical Weight Management Inc. Plaintiff markets a nutritional weight loss supplement, a powder drink mix that is ingested in place of solid food. Plaintiff uses the brand name Nutri–Lene on its product.

Defendant Allan Lazar is a physician and former owner of Medical Weight Management Inc. In 1990, Dr. Lazar sold Medical Weight Management Inc. to Mr. Desoky and assigned to Mr. Desoky the rights to the Nutri–Lene trademark. Beginning in March 1991 Mr. Lazar began purchasing privately labelled nutritional weight loss supplements. Mr. Lazar designed labels for these products using the brand name "Professional Weight Control." Mr. Lazar sells these products to his obese patients to aid in weight loss.

Plaintiff has filed suit against Mr. Lazar alleging trade dress infringement in violation the Lanham Act, 15 U.S.C. § 1125.[1] Both plaintiff and defendant sell their products in

---

1. Although plaintiff's complaint alleges defendant has used the mark Nutri–Lene, absolutely no evidence on this issue was submitted to the Court. Therefore, the Court will grant summary judgment to defendant on the issue of trademark infringement.

27.3 ounce metal cans. Both cans state that the product contains "beta carotene." Plaintiff's product states in the middle of the label: "Complete Nutritional Supplement." Defendant's product states at the top of the label: "Complete Nutrition Supplement." These are the only similarities in the product dress.

There are numerous differences in the product dress. The most prominent feature on plaintiff's product is the name "Nutri-Lene," which is accompanied by a medical symbol. The most prominent feature on defendant's product is the name "Professional Weight Control." The graphic designs on the two products are dissimilar. The color of the labels is different. The size and shape of the lettering on the products is different. The words used on each label are different.

## DISCUSSION

### I. Summary Judgment

#### A. Summary Judgment Standard

[1] Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, Hersh v. Allen Products Co.,* 789 F.2d 230, 232 (3d Cir.1986). A dispute involving a material fact is "genuine" only "if the evidence is such that a reasonable jury would return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Supreme Court also observed that "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude an entry of summary judgment." *Id. See also, Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981) (role of district court is to determine whether genuine issue of material fact exists).

■ Furthermore, when considering a summary judgment motion, this Court must view all evidence submitted in a light most favorable to the party opposing the motion.

*Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismissed,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). Although the summary judgment hurdle is a difficult one to meet, it is by no means insurmountable. "Where the evidence is so one-sided that it leaves no room for any reasonable differences of opinion as to any material fact" this Court will grant summary judgment. *Tunis Bros. Co., Inc. v. Ford Motor Co.,* 763 F.2d 1482, 1489 (3d Cir.1985).

Accordingly, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court concluded that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id.* at 323–324, 106 S.Ct. at 2552.

#### B. Summary Judgment in Trade Dress Infringement Litigation

■ The fact this lawsuit involves trade dress infringement does not render this case unsuitable for disposition by summary judgment. Although trade dress infringement cases often raise complex factual issues, the rules do not change simply because the case involves trade dress. The non-moving party still bears the burden of showing this Court a disputed issue of material fact. Thus, the Federal Circuit has advised: "[w]here no issue of material fact is present ... courts should not hesitate to avoid an unnecessary trial by proceeding under Fed.R.Civ.P. 56 without regard to the particular type of suit involved." *Chore–Time Equipment v. Cumberland Corp.,* 713 F.2d 774, 778–79 (Fed.Cir. 1983).

Courts in this District specifically have held summary judgment is appropriate on the issue of trade dress infringement, where there is no genuine issue of material fact. For example, in *Resorts International v. Greate Bay Hotel and Casino,* 830 F.Supp. 826, 835 (D.N.J.1992), former Chief Judge Gerry held: "the likelihood of confusion test involves a purely legal, rather than factual

determination. Because likelihood of confusion is a question of law it is an appropriate issue for summary judgment." In this case, the Court held there was a genuine issue of fact whether the trademark "Paradise Island" was likely to be confused with the trademark "Paradise Isle." *Id.* at 836. However, in other cases where the trademarks or trade dress were substantially different, courts have ruled as a matter of law that there can be no likelihood of confusion. For example, in *Specialty Surgical Instr. Inc. v. Phillips,* 844 F.Supp. 1211 (M.D.Tenn. 1994), the Court granted summary judgment in a case involving trade dress infringement. The Court held as a matter of law that there was no likelihood of confusion between packages of surgical instruments. *Id.* at 1218–20.

## II. Trade Dress Infringement

Construing the evidence in the light most favorable to the plaintiff, as required, the Court finds that there is no material issue of fact with respect to the issue of trade dress infringement.

■ Section 43(a) of the Lanham Act provides a cause of action for unprivileged imitations, including trade dress infringements. "Although historically trade dress infringement consisted of copying a product's packaging ... 'trade dress' in its more modern sense [may] refer to the appearance of the [product] itself." *Ideal Toy Corp. v. Plawner Toy Mfg. Corp.,* 685 F.2d 78, 80 n. 2 (3d Cir.1982). "Trade dress is a complex composite of features" and "[t]he law of unfair competition in respect to trade dress requires that all of the features be considered together." *SK&F Co. v. Premo Pharmaceutical Labs.,* 481 F.Supp. 1184 (D.N.J.1979), *aff'd,* 625 F.2d 1055 (3d Cir.1980).

The Third Circuit has held that in order to prove trade dress infringement the plaintiff must show that "the feature or overall combination of features imitated is non-functional, that it has acquired secondary meaning, and that members of the consuming public are likely to confuse the source of the product bearing the imitating feature or combination with the source of the product bearing the imitated feature or combination." *American*

*Greetings Corp. v. Dan–Dee Imports, Inc.,* 807 F.2d 1136, 1141 (3d Cir.1986).

■ When a feature is functional it may be copied even if confusion in the marketplace will result. *Id.* In this case the phrases "contains beta-carotene" and "complete nutritional supplement" are functional. These phrases are akin to a list of ingredients on a product. To hold that only Mr. Desoky can sell products that state "contains beta-carotene" or "complete nutritional supplement" would be to grant Mr. Desoky an unfair monopoly in the weight loss market.

■ Turning to the overall appearance of the products, the Court finds that Mr. Desoky may have a protectible interest in Nutri–Lene's overall appearance even though certain elements on the package are functional. *Id.* Thus, the Court will examine the overall appearance of the products under the test set forth by the Third Circuit in *American Greetings.* Namely, the Court will examine whether plaintiff has proven secondary meaning or a likelihood of confusion.

"Trade dress of a product acquires secondary meaning when the purchasing public 'associates' its design with a single producer rather than simply with the product itself." *Coach Leatherware Co. v. AnnTaylor Inc.,* 933 F.2d 162, 168 (2d Cir.1991) (citations omitted). Plaintiff has introduced no evidence of secondary meaning that has attached to the overall appearance on the Nutri–Lene cans.

More importantly, the Court finds that these two products are so visually distinct that there is no likelihood of confusion. The most prominent feature on plaintiff's product is the name "Nutri–Lene," which is accompanied by a medical symbol. The most prominent feature on defendant's product is the name "Professional Weight Control." No medical symbol appears on defendant's product. The graphic designs on the two products are different. The color of the labels is different. The size and shape of the lettering on the products is different. The words used on each label are different. Thus, the Court finds that there is no likelihood of confusion.

**CONCLUSION**

The Court finds that plaintiff's and defendant's products are so visually distinct that, as a matter of law, there is no likelihood of confusion. Therefore, the Court will grant defendant's motion for summary judgment and will dismiss plaintiff's claim for trade dress infringement with prejudice. Because absolutely no evidence of trademark infringement was submitted, the Court will grant defendant summary judgment on the issue of trademark infringement. The Court will also dismiss plaintiff's pendant state law claims without prejudice.